# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Lars St. John, | ) CASE NO. 1:17 CV 735 |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| Board of Trustees of Lakewood Library, *et al.*, | ) **AND ORDER** |
| Defendants. | ) |

## Introduction

*Pro se* plaintiff Lars St. John has filed this *in forma pauperis* civil rights action alleging discrimination "based on race and gender" in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and Ohio Revised Code § 4112-5(1), against the Board of Trustees of the Lakewood Public Library and its Director, James Crawford. (Doc. No. 1.) He seeks $10 million in damages.

The alleged basis for the plaintiff's action is as follows. The plaintiff went to the Lakewood Public Library in June 2014 for the purpose of renting a movie. After the clerk at the desk had difficulty finding the movie he wanted, he "started to suggest" to the clerk "different ways of finding the movie" in the library's system. (*Id.* at 1.) Another library clerk, who he alleges was a "White female," abruptly inserted herself into the conversation, and asked him the name of the movie he wanted and to see his library card, even though he contends "[s]eeing one's library card is not

policy/procedure for finding available movies." According to the plaintiff, the intervening clerk then began to tell him "what he could or couldn't ask the other clerk" in an "inappropriate nasty manner and tone." (*Id.*) He contends he was so offended by the clerk's treatment of him that he told her he did not want the movie and that he "did not like her orange tan." (*Id.*) He then complained about her to a supervisor. Several days later, the plaintiff received a letter from Defendant Crawford telling him that his "disruptive behavior" in the library was being investigated and that he was banned from the library until an in-person meeting could be had. A subsequent in-person meeting occurred on July 23, 2014, at which a police officer was present, which the plaintiff contends "seemed odd." (*Id.* at 2.) According to the plaintiff, Mr. Crawford "focused" at the meeting on the plaintiff's comment of "not liking the clerk['s] orange tan," rather than on the clerk's treatment of him, and a few days after the meeting, the plaintiff received a letter permanently banning him from all Lakewood Public Libraries. He alleges he sent an "appeals letter" to the Library's Board of Trustees in August 2014, but the Board did not respond. (*Id.*)

The plaintiff contends Mr. Crawford, who he describes as a "well-known racist, with ties to the KKK," "was pleased" that the white clerk "attacked a person from a different race" and that Mr. Crawford banned him from the library "for one reason only," that "[t]he Plaintiff, a Black male called the White female clerks' tan orange." (*Id.*) He further asserts that "the fact the Board of Trustees did not respond to [his] appeal validates the racist culture" he contends exists at the library. (*Id.*)

### Standard of Review

Although *pro se* pleadings are construed liberally, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal district courts are expressly required, under 28 U.S.C. §1915(e)(2)(B), to screen all

*in forma pauperis* actions, and to dismiss before service and such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In order to state a claim on which relief may be granted for purposes of §1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. §1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

Although the plausibility standard is not equivalent to a " 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679.

### Analysis

Upon review, the Court finds that the plaintiff's complaint must be dismissed pursuant to § 1915(e)(2)(B). The plaintiff contends he was banned from the Lakewood Library, not because of his own disruptive conduct, but because of race and gender discrimination. His allegations in this regard, however, are purely speculative and conclusory and are insufficient to support plausible race and gender discrimination claims. Reasonable inferences of unlawful race and gender discrimination in connection with the discipline he received at the library simply cannot be drawn from the

plaintiff's own, conclusory assertions in his complaint, including that Mr. Crawford is a "racist" and that a "racist culture" exists at the Lakewood Public Library, or from the plaintiff's mere assertion that "a Black male called [a] White female clerks' tan orange." Conclusory allegations of discrimination are insufficient to state a plausible claim, and the Court finds the plaintiff's allegations insufficient to raise his entitlement to relief for unlawful discrimination above a speculative level. *See Tucker v. Victor Gelb, Inc.*, 194 F.3d 1314, 1999 WL 801544 (6th Cir. Sept. 28, 1999) (upholding summary dismissal, holding that conclusory allegations of discrimination are insufficient to state a plausible claim).

Further, the plaintiff has not alleged any plausible claim under Title VII for the additional reason that that statute pertains only to discrimination in employment. *See* 42 U.S.C. § 2000e-2. The plaintiff does not allege discrimination in the employment context; accordingly, Title VII is inapplicable here.

Finally, the plaintiff complains of conduct that occurred in the summer of 2014, but he did not file this lawsuit until more than two years afterward, in April 2017. Although the statute of limitations is an affirmative defense, a complaint can be dismissed for failure to state a claim on initial screening if the allegations of the complaint on their face demonstrate that the claim would be barred by the applicable statute of limitations. *See Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385 * 2 (6th Cir., Oct. 30, 1998) (affirming *sua sponte* dismissal of *pro se* § 1983 action filed after two-year statute of limitations for bringing such an action expired).

Section 1981 actions arising in Ohio are subject to same two-year statute of limitations applicable to § 1983 cases. *See Harris v. Board of Educ. of Columbus, Ohio, City School Dist.*, 798 F. Supp. 1331 (S.D.Ohio 1992). Accordingly, even if the plaintiff's allegations were otherwise

sufficient to state a claim, his complaint is nonetheless subject to dismissal on its face on the basis of the statute of limitations.

## Conclusion

The plaintiff's application to proceed in this matter *in forma pauperis* (Doc. No. 2) is granted, and for the reasons stated above, this action is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: October 2, 2017